Jennifer M. Lantz (SBN: 202252)
Max DiBaise (SBN: 340743)
**DUANE MORRIS LLP**
260 Homer Avenue, Suite 202
Palo Alto, CA 94301
Tele: 650.847.4150
Fax:  650.847.4151
Email: JMLantz@duanemorris.com
      JMDiBaise@duanemorris.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Haynes North America, Inc.,<br><br>     and<br><br>Haynes Group Limited,<br><br>        Plaintiffs,<br><br>     v.<br><br>eManualOnline.com,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs Haynes North America, Inc. and Haynes Group Limited ("Haynes" or "Plaintiffs"), by its undersigned attorneys, Duane Morris LLP, brings this suit against defendant Emanualonline.com. ("EManualOnline.com" or "Defendant"), and for its Complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1.    This is a case for trademark infringement in violation of Sections 32 and 43 of the Lanham Act (15 U.S.C. §§ 1114 and 1125), copyright infringement in violation of 17 U.S.C. §§ 106 and 501, and unfair competition pursuant to California ///

state law. Haynes seeks compensatory damages, or in the alternative statutory damages, in an amount to be established at trial.

## PARTIES

2.     Plaintiff Haynes North America, Inc. is a corporation organized and existing under the laws of the State of California with a principal address of 2801 Townsgate Road, Suite 340, Westlake Village, CA 91361.

3.     Plaintiff Haynes Group Limited, is a registered company organized and existing under the laws of England and Wales, with a principal address of Sparkford, Nr Yeovil, Somerset BA22 7JJ, United Kingdom.

4.     Upon information and belief, and after a diligent and reasonable search, Defendant EManualOnline.com is a sole proprietorship existing under the laws of Delaware with a principal and mailing address of 1201 Orange Street, Wilmington, DE, 19899.

5.     Upon information and belief, and after a diligent and reasonable search, email addresses associated with Defendant EManualOnline.com include support@emanualonline.com and tjones@emanualonline.com, and a phone number associated with EManualOnline.com is 641-715-3900.

## JURISDICTION AND VENUE

6.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq., and 15 U.S.C. § 1121 under the Lanham Act, 15 U.S.C. §§ 1051 et seq. and under 28 U.S.C. §§ 1331 and 1338.

7.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338(a) and (b).

8.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, specifically due to Defendant being subject to general personal jurisdiction in this district and voluntarily transacting business herein, including offering and selling products in and to this district.

COMPLAINT AND JURY DEMAND

## FACTUAL BACKGROUND COMMON TO ALL CAUSES OF ACTION

**A.    Haynes's Business and Intellectual Property Rights**

9.    Haynes Group Limited and its wholly-owned subsidiary Haynes North America Inc. (collectively, "Haynes") are worldwide leaders in automotive and powersports equipment repair and maintenance, and have sold over 150 million repair and maintenance manuals.  Haynes' current catalog of manuals includes over 600 manuals available to consumers in the United States, with many available in both English and Spanish.

10.    Plaintiffs' predecessor in interest first started publishing the detailed Haynes brand repair manuals in 1965, with the first Haynes manual published being the *Haynes Owners Workshop Manual. Austin-Healy Sprite.* This first *Austin-Healy* manual established the formula that would make Haynes manuals a fixture among DIY automotive and motorcycle enthusiasts, meticulously documenting a teardown and rebuild of the subject vehicle, with extensive use of photographs throughout the process.

11.    In order to produce these incredibly detailed manuals, Haynes has to invest extensive time and resources in documenting the specific vehicle parts and the processes to conduct maintenance and repairs. Haynes' process ensures that the manuals are written from the actual experience of Haynes' technical experts, who use only a basic set of tools throughout the project to ensure that the manuals are helpful for readers regardless of their individual experience level working on such DIY projects. Haynes continues to use this production process for its manuals to this day.

12.    Haynes sells its manuals all across the United States, including in Newbury Park California, where it is headquartered, and from where it publishes both its print and online editions. Haynes publishes DIY manuals for a wide range of vehicles, including many of the most popular models of cars, trucks, motorcycles, and ATVs in America.

///

13.     The manuals, which are the result of Haynes' meticulous creation process outlined above, consist of original and creative arrangements throughout, including text, artwork, photographs, illustrations, and other aesthetic design choices made by Haynes' authors.

14.     As part of its business, Haynes has obtained federal trademark registrations for the HAYNES, CHILTON and CLYMER brands which cover both printed as well as electronic manuals, as well as copyright registrations for a variety of its manuals.

15.     On March 29, 1996, Haynes obtained U.S. Copyright Registration No. TX0004254699 for its *Ford Full-Size Pick-ups & Bronco 1980-96; Ford F-250HD & F-350 1997 Automotive Repair Manual* by Mark Christman, John B. Raffa and John H. Haynes.  A representative sample of the cover and title page is shown below:








16. On September 1, 1993, Haynes obtained U.S. Copyright Registration Number TX0003623747, for its *Ford Ranger & Bronco II Automotive Repair Manual* as shown below (hereinafter the "Ford Bronco Manual"). The Ford Bronco Manual has been sold since 1993 and to date Haynes has sold over 257,000 copies. A true and accurate scanned copy of Copyright Registration Number TX0003623747 is attached hereto as part of **Exhibit A**.

17. On June 4th, 2007, Haynes obtained U.S. Copyright Registration Number TX0006588586, for its *Chilton's Ford pick-ups/Expedition/Navigator 1997-03 Repair Manual*, as shown below (hereinafter the "Ford Pickup Manual"). The Ford Pickup Manual has been sold since 2006 and to date Haynes has sold over 320,000 copies. A true and accurate scanned copy of Copyright Registration Number TX0006588586 is attached hereto as part of **Exhibit A**.

18. On March 15, 1995, Haynes obtained U.S. Copyright Registration Number TX0003979688 for its *Kawasaki ZX 600 & 750 Liquid-Cooled Fours, 1985 to 1994 Owners Workshop Manual*, as shown below (hereinafter the "Kawasaki 750 Manual").  The Kawasaki 750 Manual has been sold since 1994 and to date Haynes has sold over 3,000 copies. A true and accurate copy of Copyright Registration Number TX0003979688 is attached hereto as part of **Exhibit A.**

///
///
///
///
///
///
///
///
///
///

1

2

COVER for Kawasaki ZX 600 & 750 Liquid-Cooled Fours, 1985 to 1994
Owners Workshop Manual



3

4

5

6

7

8

9

10

11

12

13

14

15

16

17       19.      On August 11, 1993, Haynes obtained U.S. Copyright Registration

18   Number TX0003560624 for its *Kawasaki ZX 600 Ninja (1985 thru 1991) Owners*

19   *Workshop Manual* as shown below (hereinafter the "Kawasaki 600 Manual"). The

20   Kawasaki 600 Manual has been sold since 1991. A true and accurate copy of

21   Copyright Registration Number TX0003560624 is attached hereto as part of **Exhibit**

22   **A**.

23       20.      On July 2, 2004, Haynes obtained U.S. Copyright Registration Number

24   TX0005995288 for its *Harley-Davidson Sportster Service and Repair Manual*, as

25   shown below (hereinafter the "Harley Sportster 1986 Manual"). The Harley Sportster

26   1986 Manual has been sold since 2004 and to date Haynes has sold over 60,000

27   copies. A true and accurate copy of Copyright Registration Number TX0005995288

28   is attached hereto as part of **Exhibit A**.

21.    Haynes obtained U.S. Copyright Registration TX0004833704 for its *Harley-Davidson Sportsters Owners Workshop Manual* on July 20, 1998, updating a manual originally published in 1990, which was registered as TX2931200. Haynes obtained additional Registrations Number TX0005291335, TX0005422634, TX0005490851, TX0007068860, and TX0007269468 for updated versions of its *Harley-Davidson Sportster Service and Repair Manual* (hereinafter referred to collectively as the "Harley Sportster Manuals"). The Harley Sportster Manuals have been sold since at least as early as 1990. True and accurate scanned copies of the foregoing Copyright Registration records are attached hereto as part of **Exhibit A**.

22.    Haynes obtained U.S. Copyright Registration Number TX0005718106 for *Harley-Davidson Twin Cam 88 Service and Repair Manual*, Registration Number TX0006989140 for its *Harley-Davidson Twin Cam 88 and 96 Models '99 to '08*, and Registration Number TX0007323889 for its *Harley-Davidson Twin Cam 88, 96 and 03 Service and Repair Manual*, as shown below (hereinafter referred to collectively as the "Harley Softail Manuals"). The Harley Softail Manuals have been sold since 2003 and to date Haynes has sold over 46,000 copies. True and accurate copies of the foregoing Copyright Registration records are attached hereto as part of **Exhibit A**. (Collectively, the Ford Bronco Manual, the Ford Pickup Manual, the Kawasaki 750 Manual, the Kawasaki 600 Manual, the Harley Sportster 1986 Manual, The Harley Sportster 2004 Manuals, and the Harley Softail Manuals are referred to as the "Copyrighted Works.")

23.    Haynes owns numerous other copyrights and copyright registrations for works which, on information and belief, have been copied and/or sold by Plaintiff.

24.    Combined, sales of the Copyrighted Works in the United States have totaled approximately 853,000 copies and resulted in total revenue over at least seven million dollars to Haynes through August 2024.

///

///

25.    By way of its U.S. Copyright Registrations in the Copyrighted Works, the U.S. federal government has acknowledged the Ford Bronco Manual, the Ford Pickup Manual, the Kawasaki 750 Manual, the Kawasaki 600 Manual, the Harley Sportster 1986 Manual, The Harley Sportster 2004 Manuals, and the Harley Softail Manuals consist of original works of authorship that are fixed in tangible mediums of expression.

26.    On May 28, 2019, Haynes obtained U.S. Trademark Registration No. 5,759,770 for the mark HAYNES (the "Haynes Design Mark") for services including "publishing of books and electronic publications on a variety of topics; copy editing of books and electronic publications on a variety of topics; providing on-line non-downloadable publications in the nature of books and manuals on a variety of topics; electronic library services featuring books and manuals on a variety of topics via an online computer network; consultancy, advisory and information services in connection with all of the aforementioned services; production of video content in the field of maintenance, servicing and repair of vehicles for locomotion by land, air or water, engines and machines; providing a website featuring on-line non-downloadable videos in the field of maintenance, servicing and repair of vehicles for locomotion by land, air or water, engines and machines" in Class 41 on the Principal Register. The Haynes Design Mark claims a date of first use of at least as early as March 15, 2017. A printout from the U.S. Patent and Trademark Office's ("PTO") online database depicting U.S. Registration No. 5,759,770 is attached hereto as part of **Exhibit B.**

27.    On Jan. 15, 2019, Haynes obtained U.S. Trademark Registration No. 5,651,891 for the mark HAYNES (the "Haynes Stylized Mark") for services including "Publishing books and electronic publications on a variety of topics; editing of books and electronic publications on a variety of topics; providing on-line non-downloadable publications in the nature of books and manuals on a variety of topics; electronic library services featuring books and manuals on a variety of topics

via an online computer network; consultancy, advisory and information services in connection with all of the aforementioned; production of video content; providing a website featuring on-line non-downloadable videos in the field of maintenance, servicing and repair of vehicles for locomotion by land, air or water, engines and machines; consultancy, advisory and information services in connection with all of the aforementioned services" in Class 41 on the Principal Register. The Haynes Stylized Mark claims a date of first use of at least as early as January 2, 2017. A printout from the PTO's online database depicting U.S. Registration No. 5,651,891 is attached hereto as part of **Exhibit B**.

28.     On Jan. 15, 2019, Haynes obtained U.S. Trademark Registration No. 1,686,359 for the mark HAYNES (the "Haynes Word Mark") for "books and manuals; namely, do-it-yourself manuals and books for hobby enthusiasts, dealing with motor cars, motorcycles, boats, bikes, engines, aircraft, trains, photography, fishing, hiking, sports and the like" in Class 16 on the Principal Register. The Haynes Word Mark claims a date of first use of at least as early as 1965. A printout from the PTO's online database depicting U.S. Registration No. 1,686,359 is attached hereto as part of **Exhibit B**.

29.     On Jan. 15, 2019, Haynes' predecessor in interest obtained U.S. Trademark Registration No. 2,389,166 for the mark CLYMER (the "Clymer Word Mark") for "Publications, namely books about the valuation, collection, service and repair of water and land vehicles" in Class 16 on the Principal Register. The Clymer Word Mark claims a date of first use of at least as early as 1971. A printout from the PTO's online database depicting U.S. Registration No. 2,389,166 is attached hereto as part of **Exhibit B**.

30.     On Jan. 15, 2019, Haynes obtained U.S. Trademark Registration No. 5,771,936 for the mark CLYMER (the "Clymer Stylized Mark") for services including "Publishing of books and electronic publications in the field of maintenance, servicing and repair of vehicles for locomotion by land, air or water,

engines for vehicles for locomotion by land, air or water and machines, namely power generators, agricultural machines, construction machines, lumbering and woodworking machines, power operated lawn and garden tools, chain saws, yard and garden tractors, riding and walk behind mowers, string trimmers, rotary tillers, leaf blowers and snow throwers; providing on-line non-downloadable electronic publications in the nature of books and manuals in the field of maintenance, servicing and repair of vehicles for locomotion by land, air or water, engines for vehicles for locomotion by land, air or water and machines, namely power generators, agricultural machines, construction machines, lumbering and woodworking machines, power operated lawn and garden tools, chain saws, yard and garden tractors, riding and walk behind mowers, string trimmers, rotary tillers, leaf blowers and snow throwers; electronic library services; production of video content in the field of maintenance, servicing and repair of vehicles for locomotion by land, air or water, engines for vehicles for locomotion by land, air or water and machines, namely power generators, agricultural machines, construction machines, lumbering and woodworking machines, power operated lawn and garden tools, chain saws, yard and garden tractors, riding and walk behind mowers, string trimmers, rotary tillers, leaf blowers and snow throwers; consultancy, advisory and information services in connection with all of the aforementioned" in Class 41 on the Principal Register. The Clymer Stylized Mark claims a date of first use of at least as early as January 27, 2017. A printout from the PTO's online database depicting U.S. Registration No. 5,771,936 is attached hereto as part of **Exhibit B** (collectively, the Haynes Design Mark, Haynes Stylized Mark, Haynes Word Mark, Clymer Word Mark and Clymer Stylized Mark are referred to as the "Haynes Trademarks.")

31.     Haynes has maintained and continues to maintain the highest standards of quality in designing and selling the manuals represented in and by the Copyrighted Works and offered under its Haynes Trademarks.

///

**B.    Defendant EManualOnline.com's Business**

32.    Upon information and belief, eManualOnline.com controls, operates, and owns a business under the trade names eManualOnline.com and emanual.com that sells electronic files of technical manuals in CD-ROM, software files, and downloadable PDF format.

33.    Upon information and belief, eManualOnline.com as part of its business maintains a website, https://www.emanualonline.com/, where EManual sells the files of technical manuals. *See* **Exhibit C**, for a true and accurate screenshot of homepage for emanualonline.com.

34.    Upon information and belief, eManualOnline.com as part of its business maintains a website, https://emanual.com/ (hereinafter, with emanualonline.com, the Infringing Website).  See **Exhibit D**, for a true and accurate screenshot of the homepage for emanual.com.

35.    As part of its business EManualOnline.com maintains a physical business address of 1201 Orange Street, Wilmington, Delaware, 19899, and several social media accounts, including an Instagram account with the account handle @EmanualOnline, a LinkedIn profile for eManualOnline, an EmanualOnline Facebook profile, a eManualOnline Pinterest account, and a Twitter account with the account handle @eManualOnline (collectively the "EManualOnline.com Social Media Accounts".  *See* **Exhibit E** for true and accurate screenshots from the EManualOnline.com Social Media Accounts.

**C.    eManualOnline.com's Infringing Activities**

36.    In recent years, customers of eManualOnline.com began to alert Haynes that the customers were purchasing repair manuals from eManualonline.com, and were receiving whole or partial scans of Haynes printed manuals.  Often, customers reported that they thought they were purchasing a manufacturer's service manual, only to receive a scan of a Haynes manual.

*///*

37.     Within the last few years, Haynes became aware that eManualOnline.com was selling manuals that appeared to infringe Hayne's exclusive rights in the Copyrighted Works. In June, 2024, Haynes became aware that EManualOnline.com was offering for sale and selling products infringing the Copyrighted Works including: (1) "1983-1987 Ford Bronco II Service & Repair Manual"; (2) "Ford F-150 & F-250 Truck Complete Workshop Service Repair Manual 1993 1994 1995 1996 1997 1998 1999 2000 2001 2002 2003"; (3) "KAWASAKI ZX 600 750 GPZ GPX NINJA Motorcycle Full Service & Repair Manual 1985-1997"; (4) "1986 1987 1988 1989 1990 1991 1992 1993 1994 1995 1996 1997 1998 1999 2000 2001 2002 2003 Harley-Davidson Sportster XL XLH model"; (5) "2006 Harley-Davidson Sportster Service Manual SET XL883 XL1200 Custom Roadster Low Rider"; and (6) "Harley Davidson FLS FXS Twin Cam 88B 95B 103B Motorcycle Complete Workshop Service Repair Manual 2000 2001 2002 2003 2004 2005" (hereinafter referred to collectively as the "Infringing Manuals").

38.     After a reasonable investigation of the Infringing Manuals, it was apparent that the Infringing Manuals were identical or substantially similar to the products and images set forth in the U.S. Copyright Registrations associated with the Copyrighted Works, as shown by the below images.  For some of the manuals, the covers were not included in the versions sold by Defendant, but comparison with the originals indicated that they were substantially copied from Haynes's copyrighted works.

///

///

///

///

///

///

///

1   Page of 1983-1987 Ford Bronco II Service & Repair Manual Purchased
    from Defendant in July 2024

2

3

4

5   

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

2

Cover of KAWASAKI ZX 600 750 GPZ GPX NINJA Motorcycle Full Service & Repair Manual 1985-1997 Purchased from Defendant in July 2024

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19



20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

39.    Upon a reasonable investigation, it became readily apparent to Haynes that EManual was creating at least digital copies of the Copyrighted Works and offering for sale manuals that were pirated copies of Haynes' Copyrighted Works, as well as using infringing Haynes Trademarks on the Copyrighted Works, as shown in the below comparison.

| Infringing Manual Covers from Defendant purchased July 2024 | Haynes Trademark |
|---|---|
|  | <br><br>Haynes Design Mark |
|  | <br><br>Haynes Design Mark<br><br>Haynes Stylized Mark<br><br>Haynes Word Mark |

| Infringing Manual Covers from Defendant purchased July 2024 | Haynes Trademark |
| --- | --- |
|  | CLYMER Word mark |

40.    As part of that investigation, Haynes learned that EManualOnline.com sells the Infringing Manuals to customers throughout the United States.

41.    Upon information and belief, Defendant's actions were done intentionally, with actual and constructive knowledge of Haynes' business, the Haynes Trademarks, and the Copyrighted Works. Even after Haynes took steps to remove the Infringing Manuals from the Infringing Website, EManualOnline.com continued to sell, and to date, still is offering for sale and selling the Infringing Manuals.

42.    Defendants' unauthorized uses and sales of the Infringing Manuals are likely to mislead consumers into believing that Defendants' Infringing Products are sponsored, licensed, approved by, and/or are otherwise associated or affiliated with, Haynes and its Haynes Trademarks and Copyrighted Works, which they are not.

43.    Upon information and belief, Defendant adopted and commenced use of, uses, and plans to continue to sell and offer the Infringing Products, as well as other

works copyrighted by Haynes, with the intent and purpose of trading upon the extensive goodwill built up by Haynes in its Haynes Trademarks and Copyrighted Works and to reap the benefits of the years of effort invested by Haynes to create public recognition of the Copyrighted Works and Haynes Trademarks.

44.     Upon information and belief, Defendant's actions were done in bad faith, especially based on the fact that Defendants were aware of the Haynes Trademarks and Copyrighted Works and willful actions of continuing to sell the Infringing Products even after receiving the DMCA takedown requests in 2023.

45.     Defendant has engaged and continues to engage in deliberate and willful infringement of Haynes' exclusive rights in the Haynes Trademarks and Copyrighted Works.

46.     Defendant acknowledges in the Q&A section of the Infringing Website that it uses "third-party/aftermarket manuals, but only for models we couldn't find any OEM manual for, for one reason or another." Thus Defendant misappropriates Haynes' Copyrighted Works in the exact situation where they are most valuable – when the OEM manual is not readily available for one reason or another and the consumers turn to aftermarket and third party manuals to fill in the gap.

47.     However, when Defendant delivers the Infringing Manuals, the customer may get a complete, legible manual, or they may receive only a partial or illegible manual.  Defendant does not display the same meticulous attention to detail that the Copyrighted Works do, they feature all, or nearly all of the same illustrations, text, pictures, and other protected authorship, but in some of the Infringing Manuals the pages are out of order, and the in some instances, have new watermarks applied that at times obscure text, and are aesthetically displeasing.

48.     By delivering the Infringing Manuals in poor or altered condition, Defendant not only directly damages Haynes in the form of the lost sale, but also harms Haynes' reputation by disappointing customers who receive these lower quality

///

manuals, which they are likely to believe originated from Haynes, thus eroding consumers' trust in Haynes.

49.    Defendants' conduct constitutes trademark infringement, copyright infringement and unfair competition in violation of federal, state and common law. Under the applicable federal and state statutes, Haynes is entitled to not only immediate and permanent injunctive relief against Defendants' continued wilful infringement, but Haynes is also entitled to disgorgement of Defendant's profits and heightened damages.

## COUNT I

## COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101, *et seq.*)

50.    Haynes realleges paragraphs 1 through 46 above and incorporates them by reference as if fully set forth herein.

51.    The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.  Haynes is the sole and exclusive owner of the copyrights in the Copyrighted Works, including without limitation the right to sue for infringement.

52.    Haynes timely registered the Copyrighted Works with the U.S. Copyright Office.

53.    Defendant's reproduction, distribution, and public display of identical or altered copies of the Copyrighted Works demonstrates that Defendant had access to the Copyrighted Works as used and offered by Haynes prior to its commencement of infringing activities with the Infringing Manuals.

54.    By its actions set forth above, Defendant has infringed and violated Haynes' exclusive rights in the Copyrighted Works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

55.    Defendant's infringement of the Copyrighted Works has been willful and deliberate, or at a minimum in reckless disregard of Haynes' exclusive rights in

///

the Copyrighted Works, and Defendant has sought to profit from its infringing conduct at the expense of Haynes.

56.     As a direct and proximate result of Defendant's infringement of Haynes' exclusive rights in the Copyrighted Works, Haynes is entitled to recover its actual damages resulting from Defendant's unauthorized and uncompensated commercial uses of the Copyrighted Works, and in addition, Haynes is entitled to recover disgorgement of Defendants' profits connected to revenues earned from customers while Defendants displayed and distributed the Infringing Products, pursuant to 17 U.S.C. § 504(b).

57.     In the alternative, and at Haynes' election to be made any time prior to entry of final judgment, Haynes is entitled to an award of statutory damages.

58.     Haynes is entitled to an award of its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.  Haynes is further entitled to pre-judgment interest for any recovery of damages.

59.     Defendant's conduct, including without limitation its knowing violation of Haynes' exclusive copyrights, has caused, and any continued infringing conduct will continue to cause, irreparable injury to Haynes unless enjoined by this Court. Haynes has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Haynes is entitled to a permanent injunction prohibiting infringement of Haynes' exclusive rights under copyright law.

## **COUNT II**

### **Vicarious and/or Contributory Copyright Infringement**

60.     Haynes realleges the allegations set forth paragraphs 1 through 56 above and incorporates them by reference as if fully set forth herein.

61.     On information and belief, Defendant knowingly induced, participated in, aided and abetted in, and profited from the unauthorized reproduction and/or subsequent distribution of the Copyrighted Works.

///

62.    Defendant is vicariously liable for the infringements alleged above because, on information and belief, they had the right and ability to supervise the infringing conduct, and did in fact exercise that right, and because they had a direct financial interest in the infringing conduct.

63.    By reason of Defendant's acts of contributory and vicarious infringement as alleged above, Haynes has suffered and will continue to suffer substantial damages to its business.

64.    On information and belief, Defendant knew that its unauthorized reproduction and/or subsequent distribution of the Copyrighted Works infringed Haynes's copyrights, or it acted with reckless disregard for, or willful blindness to, Haynes's rights under the Copyright laws. Accordingly, Defendant's acts of copyright infringement, as alleged above, are willful, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per work infringed. Within the time permitted by law, Haynes will make its election between actual damages and statutory damages.

## COUNT III

## Federal Trademark Infringement, 15 U.S.C. § 1114

65.    Haynes realleges the allegations as set forth in paragraphs 1 through 61 above and incorporates them by reference as if fully set forth herein.

66.    Haynes owns valid and protectable federal trademark registrations for the Haynes Trademarks, as shown in **Exhibit B**. The Haynes Trademarks as used in commerce have been used continuously in commerce for over five (5) years. The Haynes Trademarks are distinctive by virtue of their inherent and acquired distinctiveness, extensive use, prominence in intended and unsolicited media, and publicity throughout the United States.

67.    As described in detail in paragraphs set forth above, Defendants are advertising, promoting, offering, and selling at least the 1983-1987 Ford Bronco II

Service & Repair Manual, the KAWASAKI ZX 600 750 GPZ GPX NINJA Motorcycle Full Service & Repair Manual 1985-1997, and the Harley Davidson FLS FXS Twin Cam 88B 95B 103B Motorcycle Complete Workshop Service Repair Manual 2000 2001 2002 2003 2004 2005, bearing a counterfeit Haynes Trademarks in the United States.

68.   Upon information and belief, consumers who encounter Defendant's infringing use of the Haynes Trademarks are likely to believe that those products and services are sourced from, affiliated with, or associated with Haynes. Thus, Defendant's use of the Haynes Trademarks in the Infringing Manuals is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Haynes, or as to the origin, sponsorship, or approval of Defendant's goods. Such use constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

69.   Defendant's actions are without the authorization or permission of Haynes. Upon information and belief, Defendant chose to provide, sell, advertise, and promote the Infringing Manuals bearing the Haynes Trademarks with actual knowledge of Haynes' prior use of and rights in the Haynes Trademarks. Upon information and belief, Defendant chose to provide, sell, advertise, and promote the Infringing Manuals in connection with the Haynes Trademarks mark in commerce with the intent to cause confusion, to cause mistake, or to deceive.

70.   Upon information and belief, Defendant has profited from this infringement.

71.   This is an exceptional case under 15 U.S.C. § 1117(a).

72.   Defendants' willful conduct has caused damage to Haynes in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

73.   Defendants' counterfeiting of the Haynes Trademarks through unauthorized reproduction of the Infringing Manuals further entitles Haynes to

recovery of three times Defendants' profits or Haynes' damages, we well as statutory damages of at least $200,000.00 per counterfeited mark for Defendants' use of counterfeit marks, or at least $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed.

74.    In light of the foregoing, Haynes is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that Haynes has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), (b) and (c), as well as the costs of this action. Haynes is also entitled to an accounting of Defendants' profits resulting from its Lanham Act violations.

**COUNT IV**

**Federal Unfair Competition and False Designation of Origin, 15 U.S.C. § 125(a)**

75.    Haynes realleges the allegations set forth in paragraphs 1 through 71 above and incorporates them by reference as if fully set forth herein.

76.    Defendant's unauthorized uses of the Haynes Trademarks in connection with the Infringing Manuals constitute a false designation of origin and a false representation as to the origin of Defendant's goods, are likely to cause confusion, mistake, or deception as to the source of Defendant's Infringing Manuals, and is likely to create the false impression that Defendant's Infringing Manuals are authorized, sponsored, endorsed, licensed by, or affiliated with Haynes.

77.    Upon information and belief, Defendant chose to provide, sell, advertise, and promote Defendant's Infringing Manuals in connection with the Haynes Trademarks with actual knowledge of Haynes's prior use of and rights in the Haynes Trademarks. Upon information and belief, Defendant offered the Infringing Manuals for sale under and/or in connection with the Haynes Trademarks, in commerce, with the intent to cause confusion, to cause mistake, or to deceive.

78.    Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

79.     Defendants' conduct has caused and is causing immediate and irreparable injury to Haynes, and will continue to both damage Haynes and confuse the public unless enjoined by this Court. Haynes has no adequate remedy at law.

### COUNT V

### State Unfair Competition, Cal. Bus. & Prof. Code § 17200

80.     Haynes realleges the allegations set forth in paragraphs 1 through 76 above and incorporates them by reference as if fully set forth herein.

81.     Defendant's conduct complained of herein is likely to confuse the public as to the origin, source, or sponsorship of the Infringing Manuals, or to cause mistake or to deceive the public into believing that the Infringing Manuals are authorized, sponsored, endorsed, licensed by, or affiliated with Haynes, in violation of Haynes' rights in the Haynes Trademarks and Copyrighted Works under Cal. Bus. & Prof. Code § 17200.

82.     Upon information and belief, Defendant chose to provide, sell, advertise, and promote the Infringing Products under and/or in connection with the Copyrighted Works and Haynes Trademarks with constructive and/or actual knowledge of Haynes prior use of and rights in the Copyrighted Works and the Haynes Trademarks. The unlawful, unfair, and/or fraudulent business acts and/or practices set forth herein have been undertaken by Defendant willfully with the intention of causing harm to Haynes and for the calculated purpose of misappropriating Haynes' goodwill and business reputation.  By adopting and using the Copyrighted Works and Haynes Trademarks, Defendant has been unjustly enriched and Haynes has been damaged.

83.     By misappropriating and trading upon the goodwill and business reputation represented by the Copyrighted Works and the Haynes Trademarks, Defendants have been and, unless enjoined by this Court, will continue to be unjustly enriched at Haynes' expense.

///

///

84.     As a direct and proximate result of Defendant's wrongful conduct, Defendant has profited, and will continue to profit, from the strength of the Copyrighted Works and the Haynes Trademarks.

85.     As a direct and proximate result of Defendant's wrongful conduct, Haynes has been injured in fact and has lost money and profits, and such harm will continue unless Defendant's acts are enjoined by the Court.

86.     Defendant's sale, advertisement and promotion of Infringing Manuals under and/or in connection with the Copyrighted Works and the Haynes Trademarks, constitutes unfair competition under Cal. Bus. & Prof. Code § 17200.

87.     Defendant's conduct constitutes unfair competition with Haynes, all of which has caused and will continue to cause irreparable injury to Haynes' goodwill and reputation unless enjoined by this Court. Haynes has no adequate remedy at law.

88.     In light of the foregoing, Haynes is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 *et seq*. restraining Defendant from engaging in further such unlawful conduct, as well as restitution of those amounts unlawfully obtained by Defendant through its wrongful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Haynes demands judgment as follows:

1.     An order and judgment that Defendant has infringed Haynes' copyrights in the Copyrighted Works in violation of the Copyright Act;

2.     An order and judgment that Defendant has infringed Haynes' Haynes Trademarks in violation of Haynes' rights under 15 U.S.C. § 1114, common law, and/or California law.

3.     An order and judgment that Defendant has unfairly competed with Haynes in violation of Haynes' rights under 15 U.S.C. § 1125(a), common law, and/or California law.

4.     An order and judgment that Defendant has acted in bad faith, willfully, intentionally, and/or with reckless disregard to Haynes' intellectual property rights;

5.    A judgment that each such infringement has been willful;

6.    A judgement that each such infringement constitutes counterfeiting;

7.    An order awarding Haynes such damages it has sustained or will sustain by reason of Defendant's acts of trademark infringement and unfair competition pursuant to 15 U.S.C. § 1117;

8.    An award of Haynes' actual damages and a disgorgement of Defendant's profits under 17 U.S.C. § 504(b) and 17 U.S.C. § 1117, as shall be determined by the jury at trial, or at Haynes' election exercised prior to the entry of final judgment, an award of statutory damages in an amount to be determined by the jury, heighted by a determination of willfulness on behalf of the Defendants;

9.    An order awarding Haynes statutory damages for Defendants' use of counterfeit marks pursuant to 17 U.S.C. § 1117 (c);

10.    In the alternative, an award of statutory damages in the amount of at least $150,000.00 per copyrighted work, for a total of at least $900,000.00, and an award of statutory damages in the amount of at least $200,000.00 per counterfeited mark, for a total of at least $800,000.00, all of the foregoing to be trebled due to willful infringement, for a total of at least $5,100,000.00.

11.    An award to Haynes of its costs and expenses incurred in this action, including its reasonable attorneys' fees, as authorized in 17 U.S.C. § 505 and 15 U.S.C. § 1117(a);

12.    An order awarding Haynes all gains, profits, property and advantages derived by Defendant from Defendant's unlawful conduct and that such profits be enhanced pursuant to 17 U.S.C. § 1117;

13.    An order awarding Haynes exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate;

14.    An order awarding Haynes restitution for Defendant's unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

///

COMPLAINT AND JURY DEMAND

15.   An order awarding Haynes interest, including pre- and post-judgment interest, on the foregoing sums;

16.   A permanent injunction prohibiting Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

      (a)   directly or indirectly infringing Haynes's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Copyrighted Works or the Haynes Trademarks or to participate or assist in any such activity; and

      (b)   directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Copyrighted Works or the Haynes Trademarks.

17.   An order directing Defendant to file with the Court and serve upon Haynes's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above;

18.   For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Haynes hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

///

///

///

///

///

///

///

Respectfully submitted,

Dated:  October 29, 2024

**DUANE MORRIS LLP**

_/s/Jennifer M. Lantz_

Jennifer M. Lantz
Max DiBaise
Attorneys for Plaintiffs
Haynes North America, Inc.
Haynes Group Limited

COMPLAINT AND JURY DEMAND