# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYNES NORTH AMERICA, INC. and HAYNES GROUP LIMITED,<br><br>    Plaintiffs,<br>v.<br>EMANUALONLINE.COM,<br>    Defendant. | Case No.: 2:24-cv-09359-CBM-MAA<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

The matter before the Court is Plaintiffs Haynes North America, Inc. and Haynes Group Limited ("Haynes")'s Renewed Motion for Preliminary Injunction. (Dkt. No. 29 ("Motion").)

## I.    BACKGROUND

This is a copyright and trademark infringement action filed by Haynes against Defendant eManualOnline.com ("eManual") on October 29, 2024. (Dkt. No. 1 ("Complaint").) Haynes sells repair and maintenance manuals for automotive and powersports equipment. (Compl., ¶ 9.) Plaintiffs allege that Defendant operates a business that "sells electronic files of technical manuals in CD-ROM, software files, and downloadable PDF format," including "whole or partial scans of Haynes printed manuals" that infringe on Haynes's copyrights and trademarks (the "Infringing Manuals"). (*Id.*, ¶¶ 32-29.) Plaintiffs allege the following causes of action: (1) copyright infringement (17 U.S.C. § 501); (2) vicarious and/or contributory copyright infringement; (3) trademark infringement (15 U.S.C. § 1114); (4) unfair competition and false designation of origin (15 U.S.C. § 1125(a)); and (5) unfair competition under California law (Cal. Bus. & Prof. Code § 17200).

The Court previously denied Plaintiffs' request for a temporary restraining order and ordered Plaintiffs to file a proof of service confirming service of the Complaint on Defendant. (Dkt. No. 14.) Plaintiffs moved for alternative service, which the Court granted. (Dkt. Nos. 26, 28.) Plaintiffs filed proofs of service of the Complaint (Dkt. No. 30) and renewed their request for a preliminary injunction in the instant Motion. (Dkt. No. 29.) Despite being served with both the Complaint and Motion, to date, Defendant has not appeared or filed a response in the action.

## II.    STATEMENT OF THE LAW

A party seeking a preliminary injunction must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of injunctive relief, (3) the balance of equities is in its favor, and (4) injunctive relief is in the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

Alternatively, in the Ninth Circuit, "a party is entitled to a preliminary injunction if it demonstrates (1) serious questions going to the merits, (2) a likelihood of irreparable injury," (3) a balance of hardships that tips sharply towards the plaintiff, and (4) the injunction is in the public interest." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (internal quotations and citations omitted). "As to the first factor, the serious questions standard is 'a lesser showing than likelihood of success on the merits.'" *Id.* (quoting *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017)). Therefore, "[t]he 'serious questions' standard permits a district court to grant a preliminary injunction in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1133 (9th Cir. 2011).

### III.  DISCUSSION

As an initial matter, Defendant is alleged to "exist[] under the laws of Delaware" and have their principal place of business in Delaware. (Compl., ¶ 4.) Plaintiffs argue that because Defendant conducts its business over the Internet and has purposefully sold its infringing products to residents within California, this Court has personal jurisdiction over the Defendant under California's long-arm statute. (Mot. at 30.) Plaintiffs also argue that because of Plaintiffs' previous attempts to have Defendant remove the Infringing Manuals from Defendant's websites, Defendant is aware the infringing products are on its websites yet "continue[] to sell and ship the Infringing Manuals to California"—thus, Defendant's "continued advertisement and sales of infringing products in California" are "intentional acts aimed at residents of this forum." (Mot. at 31.)

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th

3

Cir. 2006). "California authorizes jurisdiction to the fullest extent permitted by the Constitution." *Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 961 (C.D. Cal. 2023) (Bernal, J.); *see also* Cal. Civ. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States). Jurisdiction over a nonresident defendant satisfies due process if the defendant has "'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach*, 453 F.3d at 1155 (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). "A defendant's minimum contacts can give rise to either general or specific jurisdiction." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021).

Corporations are subject to general jurisdiction in their place of incorporation, principal place of business, and where the corporation's contacts are "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (internal quotations omitted). Plaintiffs do not argue that the Court has general jurisdiction over Defendant, and neither the Complaint nor the evidence submitted by Plaintiffs indicate the Court has general jurisdiction over Defendant. Specific jurisdiction exists if "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Pebble Beach*, 453 F.3d at 1155. "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

**A.     Purposeful Availment/Purposeful Direction**

Under the first prong, Defendant must have "either purposefully availed itself

of the privilege of conducting activities in California, or purposefully directed its activities toward California." *Id*. Purposeful availment is "most often used in suits sounding in contract," whereas purposeful direction applies to actions sounding in tort. *Id*. Copyright and trademark infringement claims sound in tort—therefore, the "purposeful direction" analysis applies. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020). "Under the 'effects test' set forth in *Calder v. Jones* . . . a defendant purposefully directs its activities toward the forum when the defendant has '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Ayla*, 11 F.4th at 980 (quoting *Calder v. Jones*, 465 U.S. 783 (1984)).

    *1.     Intentional Act*

"For purposes of jurisdiction, a defendant acts intentionally when he acts with 'an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act.'" *AMA Multimedia*, 970 F.3d at 1209. Plaintiffs allege that Defendant's infringement was "done intentionally, with actual and constructive knowledge of [Plaintiffs'] business," and that Defendant continue to sell and offer for sale the Infringing Manuals after Plaintiffs took steps to have the manuals removed, including by sending DMCA takedown requests. (Compl., ¶¶ 41, 44.) Plaintiffs also submit a declaration from a private investigator, who declares that she purchased six technical manuals from Defendant's website from their office in Santa Clarita, California and that the manuals were "delivered via online download." (Dkt. No. 13 ("Imperial Decl."), ¶ 4-5.) Therefore, Defendant committed an intentional act.

    *2.     Express Aiming*

"Express aiming requires more than the defendant's awareness that the plaintiff it is alleged to have harmed resides in or has strong ties to the forum, because the plaintiff cannot be the only link between the defendant and the forum." *Ayla*, 11 F.4th at 980 (internal quotations omitted). "[S]omething more—conduct

directly targeting the forum—is required to confer personal jurisdiction." *Id.* (internal quotations omitted). Courts "have struggled with the question whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011). Courts may consider the following factors under the "something more" inquiry—(1) the interactivity of the defendant's website, (2) the geographic scope of the defendant's commercial ambitions, and (3) whether the defendant individually targeted a plaintiff known to be a forum resident. *Id.*

While some district courts have found that "online product sales to residents of the forum are sufficient to satisfy [the] 'something more' requirement in trademark infringement cases,"[1] other district courts have "declined to find express aiming based on alleged sales of products that infringe intellectual property rights through commercial, interactive websites accessible to California consumers."[2] Following the Supreme Court's decision in *Walden v. Fiore*, 571 U.S. 277 (2014),[3] many district courts take the latter approach. These cases have focused on whether a defendant's conduct specifically targets California as a market. *See Lanard Toys Ltd. v. Toys 2 Discover Inc.*, 2022 WL 2155976, at *3 (C.D. Cal. Jan. 11, 2022) (finding no purposeful direction where defendant sold infringing products via Amazon.com and did not specifically target California consumers, noting that "[i]f

---

[1] *Nat. Wellness Centers of Am., Inc. v. Golden Health Prods., Inc.*, 2013 WL 245594, at *4 (N.D. Cal. Jan. 22, 2013).

[2] *Tart Optical Enters., LLC v. Light Co.*, 2019 WL 9048862, at *13 (C.D. Cal. Aug. 7, 2019) (collecting cases).

[3] *Walden* clarified that the "minimum contacts" analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there" and held that held that "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at 285–86 (reversing Ninth Circuit finding of personal jurisdiction).

6

the Court were to accept Plaintiff's theory, 'anyone who sold a product over the internet would be subject to jurisdiction anywhere that product may have been advertised or purchased' and this 'would essentially eliminate the concept of personal jurisdiction'"); *Handsome Music, LLC v. Etoro USA LLC*, 2020 WL 8455111, at *10 (C.D. Cal. Dec. 17, 2020) (finding "Plaintiff presents no evidence demonstrating Defendant has done 'something more' than operate a website that is available to residents of California" where evidence did not show defendant "expressly aimed [its] advertisements at California residents"); *P & P Imports LLC v. OJCommerce, LLC*, 2019 WL 8012690, at *3 (C.D. Cal. Oct. 4, 2019) (finding lack of jurisdiction where plaintiffs failed to show that sales to California were not "merely because California 'is where the purchaser happened to reside'" and "[p]osting Plaintiff's intellectual property on Defendants' website" and "marketing and selling to California residents through Defendants' website . . . is insufficient to establish personal jurisdiction"); *Tart Optical*, 2019 WL 9048862 at *13 (finding plaintiff failed to establish purposeful direction where it had "not shown that [online] sales [were] more than 'random, fortuitous, or attenuated,'" and that the evidence submitted by the plaintiff showed that defendant sold its products "around the world, without regard to geographic location"); *Matus v. Premium Nutraceuticals, LLC*, 2016 WL 3078745, at *3 (C.D. Cal. May 31, 2016), *aff'd*, 715 F. App'x 662 (9th Cir. 2018) (finding plaintiff failed to satisfy purposeful availment prong because defendant's operation of a commercial, interactive website from which consumers could make purchases "does not necessarily mean there is personal jurisdiction," and there was no "indication that [defendant] took other efforts to target California consumers").[4] In other words, a plaintiff must show that

---

[4] *See also Sanho Corp. v. Cimo Techs., Inc.*, 2012 WL 3075094, at *5 (N.D. Cal. July 30, 2012) (finding plaintiffs failed to establish personal jurisdiction over defendant where there was "nothing in the record to suggest that CIMO's website was directly targeted at the California market, or that the selling of technology-related accessories, specifically iPad 2 covers, is a unique California industry").

the forum state was "the focal point both of the [conduct] and of the harm suffered." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1071 (9th Cir. 2017).

In *Graco Minnesota Inc. v. PF Brands, Inc.*, the court considered evidence that defendants' products were sold to California customers, that defendants received a letter informing them of trademark infringement and a potential lawsuit, and that plaintiff hired investigators "to purchase and receive the products in California." 2019 WL 1746580, at *6 (S.D. Cal. Apr. 17, 2019). The court found that defendants had not expressly aimed their conduct at California because "the record [did] not show that Defendants' business is targeted at a California-specific market or industry." *Id.* Plaintiffs here cite to similar evidence. A private investigator located in California, hired by Plaintiffs' counsel to investigate Defendant's website, declares that she completed a purchase of six Infringing Manuals. (Imperial Decl., ¶¶ 4-6.) The CEO of Haynes North America declares that Plaintiffs' U.S. headquarters is located in Newbury Park, California, and that in 2023, a "third-party that handles intellectual property enforcement for Haynes attempted to have the Infringing Manuals taken down via a Digital Millenium Copyright Act notice, but was unsuccessful." (Dkt. No. 10-2 (Wolff Decl., ¶¶ 6, 21.) Plaintiffs offer no evidence that Defendant has specifically targeted the California market or that the sale of repair and maintenance manuals is a California-specific industry—a "single unsolicited purchase does not constitute purposeful direction." *Joe Leighton & Assocs., Inc. v. Log Lighter Sales, Inc.*, 2008 WL 11406052, at *5 (C.D. Cal. Feb. 15, 2008).[5] Nor do Plaintiffs offer evidence that Defendant individually targeted the investigator or knew she was a resident of California—on the contrary, the Imperial Declaration indicates that the investigator

---

[5] While the Ninth Circuit has rejected a "theory of jurisdiction [that] would allow corporations whose websites exploit a national market to defeat jurisdiction in states where those websites generate substantial profits from local consumers," Plaintiffs here offer no evidence that Defendant generates "substantial profits" from its contacts with California. *Mavrix*, 647 F.3d at 1231.

initiated the purchase of the manuals.

    3. *Causing Harm*

None of Plaintiffs' evidence indicates whether Defendant actually knows Haynes is located in California. The record is also unclear as to whether Defendant knew the investigator was located in California when she purchased the manuals. The Complaint alleges that Defendant has "actual and constructive knowledge of Haynes' business" but does not allege Defendant has knowledge of Plaintiffs' location. "[T]here is no evidence that Defendants knew that Plaintiff was located in California—even if they were aware of Plaintiff's website." *Advice Co. v. Novak*, 2009 WL 210503, at *16 (N.D. Cal. Jan. 23, 2009); *see also Handsome Music*, 2020 WL 8455111 at *10 ("Plaintiff presents no evidence to show Defendant caused harm it knew to be likely suffered in California"); *MGA Ent., Inc. v. Innovation First, Inc.*, 2010 WL 11601032, at *5 (C.D. Cal. Sept. 14, 2010) (finding court lacked personal jurisdiction where plaintiff did not "specifically allege that Defendants knew Plaintiff was located in California or that the harm to Plaintiff caused by its acts would primarily occur in California"). This distinguishes Plaintiffs' case from cases where courts have found purposeful direction from online activity.[6] For this reason, Plaintiffs' cited case is inapposite.[7]

---

[6] *See Inventors Row Inc. v. Blankenship*, 2018 WL 2064795, at *4 (E.D. Cal. May 3, 2018) (finding plaintiff satisfied the *Calder* test where "defendant was aware of plaintiff's residence in the forum state"); *Rosen v. Masterpiece Mktg. Grp., LLC*, 2015 WL 12860487, at *8 (C.D. Cal. Dec. 23, 2015) (finding specific jurisdiction where plaintiff alleged defendant had "actual knowledge of the harm they were causing to Plaintiffs *in Los Angeles County and the State of California*" (emphasis added) and submitted evidence that it sent a DMCA request that "included Plaintiff's address in Los Angeles" and defendant's employee "acknowledged in an email that Plaintiff lives in Santa Monica, California").

[7] *See D.Light Design, Inc. v. Boxin Solar Co.*, 2014 WL 12659909, at *2 (N.D. Cal. Feb. 3, 2014) (finding plaintiffs' specific jurisdiction theory had merit because plaintiffs provided "evidence that Defendants willfully copied Plaintiffs' designs" *and* that "Defendants at the very least should have known that Plaintiffs' corporate headquarters were in California").

9

Accordingly, Plaintiffs have not met their burden to show Defendant purposefully directed its activities toward California.

**B.     Remaining Jurisdictional Requirements**

Because Plaintiffs have not met their burden to show purposeful direction, the Court does not analyze whether the claims arises out of Defendant's forum-related activities or whether exercise of jurisdiction would be reasonable.

**C.     Expedited Discovery**

Since the Complaint (along with Plaintiffs' evidence) does not establish that the Court has personal jurisdiction over Defendant, the Court cannot grant Plaintiffs the preliminary injunction they seek. At the hearing on the Motion, Plaintiffs informed the Court that as of now, they have no other facts they could include in an amended complaint to establish jurisdiction over Defendant is proper. However, Plaintiffs request expedited discovery to obtain evidence regarding Defendant's the scope and extent of Defendant's counterfeiting website and "Defendant's account details relating to the counterfeit website." (Mot. at 54–55.) The Court has discretion to order expedited discovery, which "may be appropriately granted where . . . a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Plaintiffs argue the information they seek is "essential to establishing Defendant's exact identity and protecting assets available to recompense Haynes." (*Id*. at 55.) The Court agrees—given the challenges Plaintiffs have faced to date in locating and serving Defendant, the Court finds that expedited discovery regarding personal jurisdiction over Defendant and damages stemming from Defendant's sales of manuals infringing on Plaintiffs' works is appropriate. *See Hard Drive Prods., Inc. v. Does 1-130*, 2011 WL 5573960, at *1 (N.D. Cal. Nov. 16, 2011) (courts will grant expedited discovery upon a showing of good cause, and good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party").

## IV. CONCLUSION

Accordingly, the Court **DENIES** the Motion for Preliminary Injunction for lack of jurisdiction. However, the Court **GRANTS** Plaintiffs' request for expedited discovery. Expedited discovery is limited to personal jurisdiction over Defendant and damages stemming from Defendant's sales of manuals infringing on Plaintiffs' works, and shall be completed no later than **August 1, 2025**. Given that Defendant is now in default in this action, if discovery reveals that jurisdiction is proper, Plaintiffs may file a motion for entry of default judgment. Any such motion must be preceded by an application for the Clerk of the Court to enter default. *See* Fed. R. Civ. P. 55(a). Such a motion should include sufficient evidence to establish personal jurisdiction as well as damages.

**IT IS SO ORDERED.**

DATED: May 23, 2025

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE